c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEBORAH HORNSBY,<br>Plaintiff | CIVIL ACTION NO. 1:19-CV-01430 |
| VERSUS | JUDGE JOSEPH |
| USAA CASUALTY INSURANCE CO.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Compel (ECF No. 42), filed by Plaintiff Deborah Hornsby ("Hornsby"). Hornsby seeks to compel complete discovery responses from Defendant USAA Casualty Insurance Company ("USAA"), as well as attorney's fees and costs. ECF No. 42. USAA opposes. ECF No. 47.

USAA agreed to produce its claims handling guidance subject to a protective order which has been revised and to which Hornsby agrees. Further, the parties agree the 24 blank pages marked as confidential were originally blank and not redacted. Thus, Hornsby's Motion to Compel (ECF No. 42) is DENIED IN PART AS MOOT. Because Hornsby has not demonstrated a compelling need for either production or an *in-camera* inspection of the remaining redacted claims files, Hornsby's Motion to Compel (ECF no. 42) is DENIED IN PART in substance. And given these rulings, Hornsby's request for attorney's fees and costs is also DENIED.

I.    **Background**

Hornsby filed suit against USAA, her uninsured motorist ("UM") insurance carrier, in the Ninth Judicial District Court in Rapides Parish. ECF No. 1-1. She asserts a bad faith claim against USAA for their failure to timely pay or sufficiently tender funds under her UM policy provisions. ECF No. 1-1.

USAA removed under this Court's diversity jurisdiction. ECF No. 1. Hornsby propounded discovery to USAA on November 5, 2019. ECF No. 42-2 at 34-48.[1] Hornsby asserts USAA provided incomplete responses on May 26, 2020. ECF No. 42-1 at 7. Hornsby argues USAA asserted that most of the documents were privileged and requested a Protective Order. *Id.* After the parties held a Rule 37 conference, USAA agreed to produce over 3,000 pages of documents, including any USAA considered "confidential." *Id.* Hornsby asserts the production included multiple duplicates and several "blank" pages as they appear to be deleted or redacted, marked "USAA Confidential." *Id.* USAA also withheld production of several documents or information and included a privilege log. *Id.*, ECF No. 42-4 at 1-5.

Through a second Rule 37 telephone conference, the parties reached a resolution regarding the documents marked as "confidential." ECF No. 42-1 at 7. However, Hornsby asserts USAA refuses to produce the claim/injury evaluations it asserts are protected. *Id.* at 8. And Hornsby asserts the parties were unable to reach an agreement for production of the training guidelines and manuals which USAA asserts are protected as trade secrets. *Id.* Hornsby did not agree to the original

---

[1] On February 4, 2020, the undersigned granted Hornsby leave to propound interrogatories in excess of thirty-five. ECF No. 17.

proposed protective order (ECF No. 42-3) for production of the training guidelines and manuals. *Id.*

Hornsby now moves to compel production of USAA's injury evaluations regarding Hornsby's UM and med pay claims, as well as USAA's training manuals and guidelines. ECF No. 42-1 at 23. Hornsby seeks a ruling as to whether a protective order should be allowed. *Id.* at 21. Hornsby also seeks reasonable attorney's fees and costs. ECF No. 42-1 at 8. USAA responds that the remaining production is subject to attorney-client privilege or confidential work product. ECF No. 47 at 1.

At a hearing before the Court, USAA agreed to produce its claims handling guidance[2] pursuant to a protective order. ECF No. 47 at 1, 47-1 at 1-8. USAA submits a proposed Protective Order (ECF No. 47-1), with Hornsby's consent and stipulation. ECF No. 47-1. The parties also agree that 24 pages of "blank" documents produced are in fact blank and were not redacted. Thus, the remaining issue for disposition is whether the remaining claims file materials redacted as privileged or work product are discoverable.

II. <u>Law and Analysis</u>

    A. <u>Standards governing the Motion to Compel.</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged

---

[2] USAA refers to the claims guidance as Knowledge Delivery ("KD") materials available through its online search tool. ECF No. 47 at 2-3. USAA agreed to produce the KD material prior to the filing of the motion to compel, subject to entry of a protective order. ECF No. 47-2 at 16.

3

> matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

"[A] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

4

A party may withhold otherwise discoverable information based on privilege. Rule 26(b)(3)(A) outlines the attorney work product privilege, which protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The work product privilege protects two categories of materials: ordinary work product and opinion work product, focusing on materials assembled and created in anticipation of litigation. *Flex Energy, LLC v. St. Paul Surplus Lines Ins. Co.*, 6:09-CV-1815, 2011 WL 2434095, at *1 (W.D. La. June 13, 2011) (citing *Conoco Inc. v. Boh Bros. Const. Co.,* 191 F.R.D. 107, 118 (W.D. La. July 10, 1998)).

When a party claims privilege or otherwise seeks to protect trial-preparation materials, he must expressly make the claim and, in a privilege log, must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Evans v. Thomas*, 6:19-CV-01485, 2020 WL 5876775, at *2 (W.D. La. Oct. 1, 2020) (citing Fed. R. Civ. P. 26(b)(5)(A)).

Privileged documents are not discoverable unless the party requesting them has shown that it has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(ii).

> **B.   To the extent Hornsby seeks production of the remaining redacted portions of the claims file, Hornsby's Motion to Compel (ECF No. 42) is denied in part.**

Hornsby asserts the discovery requests seek documents and information that will detail USAA's actions relating to her bad faith allegations of failure to timely pay, sufficiently tender funds, or properly and promptly adjust the claim within the statutory time limits. ECF No. 42-1 at 10. Hornsby asserts USAA bears the burden of establishing the documents were obtained or prepared in anticipation of litigation and proving they are confidential. *Id.* at 10-11. Hornsby contends no attorney-client privilege exists as USAA admits it adjusted or handled the claim "in-house using its own employees." *Id.* at 14, ECF No. 42-6 at 3. Regardless, Hornsby also argues that any privilege is qualified; she is in substantial need of the materials in preparation for her case; and she is unable to obtain the material by any other means without undue hardship. ECF No. 42-1 at 11.

USAA represents that the claims notes and injury evaluations redacted from its production are privileged and confidential work product related to litigation strategy and concern notes made after litigation was filed. ECF No. 47 at 1. Hornsby does not identify specific interrogatories or requests for production that are inadequate. *Id.* at 2. USAA argues Hornsby vaguely identifies the "claim notes" and "injury summaries" that USAA redacted for privilege and/or work product. *Id.* USAA represents that it has produced all claims file material in its possession other than that which is redacted as privileged and/or work product. *Id.* at 3. USAA also shows that it already produced over 70 pages of unredacted claims file material, including

notes regarding injury evaluations and summaries and notes concerning tenders to Hornsby. ECF No. 47-4 at 1-75.

USAA also produced a privilege log which includes identification of the document, the date created, the sender, the recipient, type of document, topic, and the asserted privilege. ECF No. 47-5 at 1-5. USAA argues it redacted only those claim notes made after October 21, 2019, when USAA was served with the lawsuit and began preparing its defense to the suit. ECF No. 47 at 3-4. Lastly, USAA shows production of mostly unredacted injury evaluations subsequent to litigation.

A "simple assertion that an insured cannot otherwise prove her case of bad faith does not automatically permit an insured 'to rummage through [the insurers'] claims file.'" *Dixie Mill Supply Co., Inc. v. Continental Cas. Co.,* 168 F.R.D. 554, 559 (E.D. La. 7/10/ 1996) (citation omitted). Moreover, discovery of work product will be denied when the requesting party can obtain the desired information via deposition. *In re International Systems and Controls Corp. Securities Litigation,* 693 F.2d 1235, 1240-1241 (5th Cir.1982) ("[T]he work product immunity protects only the documents themselves and not the underlying facts.").

The "reasonableness of the insurers' actions in a bad faith case can be proved by objective facts, which are not shielded from discovery and do not necessarily require the introduction of privileged communications at trial." *Dixie Mill Supply Co., Inc. v. Continental Cas. Co.*, 168 F.R.D. 554, 559 (E.D. La. 1996). "To the extent any such factual material is in the claims file, it is discoverable." *Evans*, 2020 WL 5876775, at *3.

7

Here, USAA establishes it produced the factual material in its claims files with relatively few redactions made after litigation was filed. Hornsby fails to demonstrate a compelling need for either production or an *in-camera* inspection of the remaining redacted claims file materials.

### C. Hornsby's motion for expenses and attorney's fees relating to her Motion to Compel (ECF No. 42) is denied.

Hornsby seeks reasonable expenses and attorney's fees incurred in the preparation and filing of her Motion to Compel (ECF No. 42). A court must award fees and costs if the motion is granted or if the requested discovery responses are provided after the motion is filed. Fed. R. Civ. P. 37(a)(5)(A). However, a court is not required to award fees and expenses if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

Here, USAA was substantially justified in asserting that the remaining production was subject to privilege and/or work product. Therefore, an award of fees and expenses is unwarranted.

### III. Conclusion

Because USAA agreed to produce its claims handling guidance subject to a protective order which has been revised and to which Hornsby agrees; because the parties agree the 24 blank pages marked as confidential were originally blank and not redacted; and because Hornsby has not demonstrated a compelling need for either production or an *in-camera* inspection of the remaining redacted claims files;

IT IS HEREBY ORDERED that Hornsby's Motion to Compel (ECF No. 42) is DENIED IN PART AND DENIED IN PART AS MOOT. As to her request for

production of the remaining redacted portions of the claims file from USAA, Hornby's Motion to Compel (ECF No. 42) is DENIED IN PART.  To the extent Hornsby seeks to compel production of USAA's claims handling guidance and complete production of the 24 blank pages originally thought to be redactions, Hornsby's Motion to Compel (ECF No. 42) is DENIED IN PART AS MOOT.

IT IS FURTHER ORDERED that the proposed Protective Order (ECF No. 47-1) regarding production of USAA's claims handling guidance be construed as an unopposed Motion for Protective Order and GRANTED. The Protective Order (ECF No. 47-1) itself will be signed and docketed separately.

IT IS FURTHER ORDERED that Hornsby's request for an award of expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is DENIED.

SIGNED on Thursday, April 1, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE